The law cannot be more correctly or perspicuously stated than in the judge's charge; for the gist of the action is that the purchaser was cheated and imposed on by the fraud of the seller. When the defect was known to the purchaser, no matter from what source he derived his information, he is not cheated; and some elementary writers go so far as to say that even where there is an express warranty of soundness, if the unsoundness was apparent, and, therefore, must have been known to the purchaser, that no action shall lie; not for the reason given by ChiefJustice Blackstone, that palpable defects are presumed not to be within the warranty, but because the warranty, being substituted for an actual examination of the property by the purchaser, that he may thereby ascertain its condition and quality, it is confined in its character to those defects which are unknown to the purchaser; for as to those defects which are already known an examination is unnecessary. But be this as it may, no action can be supported on the ground of being imposed on and cheated in cases where there is no express warranty, when the purchaser knew as much of the defect as the seller; and the facts being fairly left to the jury, the rule for a new trial must be discharged.
(226)